IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,    ) | |
| ) | |
| Plaintiff/Counter-Defendant,    ) | |
| ) | |
| vs.    ) | |
| ) | |
| AMERICAN BANK HOLDINGS, INC.,    ) | Case No:  8:09-cv-00961-RWT |
| ) | |
| Defendant/Counter-Plaintiff,    ) | |
| ) | |
| and    ) | |
| ) | |
| AMIEL CUETO,    ) | |
| ) | |
| Defendant.    ) | |

**CONFIDENTIALITY AGREEMENT AND CONSENT PROTECTIVE ORDER**

Plaintiff/Counter-Defendant, St. Paul Mercury Insurance Company ("St. Paul") and

Defendant/Counter-Plaintiff, American Bank Holdings, Inc. ("ABHI") (individually, a "Party" and

collectively, the "Parties"), by and through their undersigned counsel, agree that certain materials

and information which may be disclosed in discovery and at other times in this case be afforded

confidential treatment as set forth below.  The Parties have further agreed to request that the

following protective order be entered with the approval of the Court, pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure.

1.    **Definitions**

The following definitions shall apply to this Confidentiality Agreement and Consent

Protective Order (the "Agreement and Order"):

(a) "Action" shall mean the matter styled, *St. Paul Mercury Insurance Co. v. American Bank Holdings, Inc., et al.*, Case No. 8:09-cv-00961-RWT, filed in the United States District Court for the District of Maryland, and any appeal of such action through final judgment.

(b)  "Confidential Information" shall mean documents and information, including documents and information provided in responses to written discovery and/or in deposition testimony, produced or compiled in the Action pursuant to the methods of discovery authorized by the Federal Rules of Civil Procedure that any Producing Party (as defined herein), or Designating Party (as defined herein) with  a proprietary, property or privacy interest in such documents or information, contends shall be protected from disclosure pursuant to this Agreement and Order on the grounds that the information contains non-public, confidential, commercial, trade secret and/or private business or personal information.  All copies, summaries or extracts of any Confidential Information shall also constitute, and be treated as, Confidential Information as provided in this Order.   Any person making, or causing to be made, copies, summaries or extracts of any Confidential Information shall make certain that all such copies, summaries or extracts bear the Legend (as defined herein) pursuant to the requirements of this Order.

(c)  "Court" shall mean the court in which the Action is pending and any other court in which information subject to this Order may be sought to be disclosed.

(d)  "Designating Party" shall mean any "Producing Party" or any Party which is entitled to designate information as "Confidential Information."

(e)  "Legend"  shall  mean  a  large  bold  stamp  or  similar  insignia  stating "CONFIDENTIAL."  When any document or portion thereof is so designated pursuant to this Order,

the Legend shall be affixed to the cover of the original and each page designated "Confidential" and all copies thereof in a size and location which makes the designation readily apparent.

(f) "The term "person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental agency.

(g) "Producing Party" shall mean any person or entity producing documents, information or other materials in the Action, including, but not limited to, the Parties and non-parties producing documents or information pursuant to subpoena.

**2.     Scope of Order**

Nothing in this Order shall govern or control the use of Confidential Information at trial.   Such use shall be determined by stipulation and/or order entered into prior to the commencement of trial.

**3.     Designation of Confidential Information**

(a) Any Producing Party may designate any document or portion thereof "Confidential" pursuant to this Agreement and Order by affixing the Legend prior to production on any document which the Producing Party believes contains Confidential Information.   The Producing Party may allow inspection prior to designation of documents as confidential so that documents not selected for copying need not be stamped.

(b) With respect to documents produced or information disclosed prior to execution by the Parties of this Agreement and Order, any Producing Party may retroactively designate such documents or information as "Confidential" as follows:   (i) with respect to documents, by

reproducing the document with the requisite Legend affixed within 30 days from the date of execution by the Parties of this Agreement and Order, in which case the party receiving the designated document will treat any previously received copy of the document in its possession, custody or control that lacks such Legend as Confidential; and (ii) with respect to all other forms of information, by notifying the receiving party by letter of the desire to designate the information confidential within 30 days from the date of execution by the Parties of this Agreement and Order.

(c) Any Party who is not a Producing Party seeking a "Confidential" designation pursuant to the terms of this Agreement and Order may do so by serving on the Parties a log containing the bates numbers or other description of the material claimed as "Confidential" within 30 days of receiving copies of the material, or within the time period set forth in paragraph 3(b) above if the production is made prior to the execution of this Agreement and Order.  Should any Party object to this designation, such Party shall proceed in accordance with paragraph 7 of this Agreement and Order.

4. **Disclosure and Use of Confidential Information**

(a) Except as set forth herein or by subsequent order of the Court, any information designated as "Confidential," and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be retained by the receiving party and his or her counsel and *shall not be disclosed by such persons to any person except*:

(i) The Producing Party, the Parties, and their employees, officers and directors who have a need to review the information in connection with the Action, as well as copying services engaged by the Parties;

(ii)     Counsel representing the Producing Party, the Parties and said counsel's employees (including paralegals, secretaries or other support staff or agents assisting counsel in connection with the Action);

(iii)     Experts, independent contractors, consultants or advisors who consult with or are employed or retained by or on behalf of one or more of the Parties or their counsel to assist in connection with the Action or to testify at trial or any other proceeding in the Action;

(iv)     Stenographers, court reporters or videographers who are employed in the Action for the purpose of transcribing, including, but not limited to, depositions, trial or any hearings or proceedings before the Court;

(v)     The Court and its employees;

(vi)     Mediators or other persons engaged to facilitate alternate dispute resolution;

(vii)     Any person (other than those identified above) who is the author or recipient of the Confidential Information;

(viii)     Individuals who are prepared by counsel to give testimony at deposition; and

(ix)     Accountants, reinsurers, regulators, and auditors of a Party, to the extent required in the ordinary course of business of any such Party.

(b) Any Party desiring to disclose Confidential Information to any of the persons referred to in subparagraphs 4(a)(iii) and (viii) shall, before disclosing Confidential Information to such persons, provide to each person a copy of this Order, and require such persons to sign an Acknowledgment of Receipt of Protective Order Regarding Confidential Information and

Agreement to be Bound Thereby ("Acknowledgment and Agreement"), in the form set forth in Exhibit A hereto.  No disclosure shall be made to a person described in subparagraphs 4(a)(iii) and (viii) who has not executed the Acknowledgment and Agreement.

      (c)  A Party disclosing any Confidential Information to any of the persons referred to in subparagraphs 4(a)(iii) and (viii) shall maintain a current written record of the persons to whom the Party makes such disclosure, along with any original Acknowledgment and Agreement referred to in subparagraph 4(b).  The record shall specify, for each person, the person's full name, employer, business address and telephone number.

      (d) Any Party may seek permission to disclose any information designated "Confidential" to any person other than those persons referred to in subparagraph 4(a) by serving a written request on the Designating Party, or its counsel, and counsel for all Parties both by electronic mail and first-class mail, postage pre-paid.  The request shall identify the person to whom disclosure is sought to be made, the document(s) or information sought to be disclosed, the purpose for such disclosure, and the procedure set forth herein. The Designating Party shall thereafter respond in writing, if at all, within 14 calendar days of the date of receipt of the written request, and if the requested permission is refused, shall state the reasons for such refusal.  If no response is made by the Designating Party within the specified period of time, the requesting party may proceed with the requested disclosure.  If consent is timely refused, and the parties subsequently are unable to agree on whether the requested disclosure should be allowed, or they cannot agree on the terms and conditions of disclosure, the Confidential Information shall not be disclosed absent a Court order allowing such disclosure.

(e)  If any information designated "Confidential" is sought through judicial process or other form of legal compulsion by any person (including any government entity) from any Party who did not originally produce such material, the Party from whom such information is sought agrees that it will immediately notify the Producing Party or the Designating Party (if different from the Producing Party), so as to permit the Producing Party or Designating Party to seek a protective order from the appropriate Court.

(f)  Nothing in this Agreement and Order shall limit the use by any Party of its own documents or prevent any Party from disclosing its own confidential information to any person. Such disclosure shall not affect any confidential designation made pursuant to the terms of this Agreement and Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

(g)  Nothing in this Agreement and Order shall limit the use or disclosure by any Party of documents that are obtained from public sources, or information reflected on such documents.

(h)  Nothing in paragraph 4 shall prevent the use of documents in accordance with paragraph 5 of this Order.

5.   **Confidential Information Disclosed During Depositions**

(a)  If Confidential Information is to be discussed or has been discussed during a deposition, a "Confidential" designation of the transcript or any portion thereof, including any exhibits attached thereto, may be made by (i) a statement to that effect on the record by anyone entitled to designate such information as "Confidential" pursuant to the terms of this Agreement and Order or (ii) written notice to the Parties or their respective counsel within ten (10) business days

following receipt of the deposition transcript.  Should such "Confidential" designation be made, the stenographer of the deposition shall affix the Legend to the cover page of the transcript and all appropriate pages or exhibits of the transcript, and to each copy thereof.

(b) Any testimony which describes a document that has been designated as "Confidential" shall also be deemed to be designated as "Confidential."

(c) If Confidential Information is to be reviewed during the deposition, the Designating Party may exclude from the deposition room any persons other than the deponent, the deposition stenographer, counsel and those individuals specified in subparagraph 4(a).

(d) Any Party may object to the "Confidential" designation in accordance with the procedures described in paragraph 7.

**6.      Confidential Information Filed with the Court**

To the extent that any materials designated "Confidential" (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing party) with the Clerk of the Court, together with a simultaneous motion pursuant to L.R. 104.13(c) (the "Interim Sealing Motion").  The Interim Sealing Motion shall be governed by L.R. 105.11.  Even if the filing party believes that the materials subject to this Agreement and Order are not properly classified as "Confidential," the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 7 of this Agreement and Order.

7.     **Objection to Confidential Designation**

(a) Unless and until otherwise ordered by the Court, or otherwise agreed by the Designating Party, all material designated "Confidential" shall be treated as such under this Agreement and Order.

(b) Any Party may object to the designation of any information as "Confidential" by serving a written objection on the Designating Party and all Parties.  If the objecting party and the Designating Party are unable to resolve the objection, the objecting party may move the Court for an order with respect to the information.  The burden of proving the confidentiality of the designated information remains with the party asserting such confidentiality.  The information shall be treated as Confidential Information until the Court rules otherwise.  If no such motion is made, said information shall continue to be deemed "Confidential."

8.     **Preservation of Objections**

Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the material subject to this Agreement and Order are reserved and are not waived in any respect by any terms of this Agreement and Order.

9.     **Relief from Terms of Order**

(a) This Agreement and Order may be amended without leave of Court by the agreement of all Parties in the form of a stipulation that shall be filed with the Court.

(b) At any time, any Party or affected person may move the Court, upon notice, for relief from the terms of this Agreement and Order or for imposition of additional protections with respect to any specified material.

(c) Nothing in this Order shall be construed to prohibit any Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged or work-product information.

### 10.    Return of Confidential Information

(a)    At the conclusion of the Action, the parties shall assemble and return to each Producing Party all originals or reproductions of any documents embodying information designated "Confidential" within sixty (60) days of the Conclusion of the Action (as defined herein) excluding documents (1) which have been filed with the Court and are not sealed, or (2) which contain notations of counsel or person(s) in counsel's employ or otherwise constitute attorney work product (such documents shall be destroyed).  In lieu of returning materials, all materials covered by this Agreement and Order may be destroyed at the Conclusion of the Action (as defined herein), and the party electing such destruction shall send to the Designating Party an appropriate certificate to that effect within sixty (60) days of the Conclusion of the Action.

(b) Notwithstanding paragraph 10(a), parties and their counsel may retain copies of any Confidential Information produced to them as reasonably necessary to comply with document retention policies and/or future requests for review by reinsurers, auditors, and regulators, or as necessary to exercise or enforce subrogation rights, if any, or as necessary to meet other business requirements.  When such retention is no longer needed, such Confidential Information shall be returned or maintained/destroyed in accordance with standard document retention/destruction procedures.  All retained copies of any Confidential Information shall be maintained confidential in accordance with the terms of this Agreement and Order.

(c)      The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the Conclusion of the Action.

(d)      "Conclusion of the Action" shall mean all appeal periods have expired and/or any settlement or judgment has become final in all cases within the definition of the Action.

11.   **Enforcement**

If any Party or other affected person determines that any other Party or person has violated or is about to violate this Agreement and Order by disclosing Confidential Information or otherwise, the Party or other affected person making such determination may seek an order from the Court on an expedited basis to prevent such disclosure or other violation.  The Party or other affected person seeking the order shall provide notice to the Parties and the person against whom the order is sought, following which the person receiving notice shall not disclose the Confidential Information or take any other action that is the subject of the proposed order, pending the Court's ruling.  The agreement to this specific relief does not preclude a Party or other affected person from also obtaining damages that reasonably flow from a breach of this Agreement and Order, or from otherwise exercising its available legal remedies.

12.   **Miscellaneous**

(a)  The inadvertent production of documents for inspection and/or copying shall not constitute a waiver of the right to claim in the Action or thereafter that said documents are confidential, privileged or otherwise nondiscoverable.

(b)  The terms of this Agreement and Order shall survive and remain in effect after the Conclusion of the Action.

(c)  The Parties agree that they have had an opportunity to review and consult counsel regarding the terms of this Agreement and Order, and that this Agreement and Order shall not be construed in favor of or against any Party by reason of the extent to which it participated in the drafting of this Agreement and Order.

(d)  If any Party agrees to produce documents or information informally in the Action, meaning without reference to one of the methods of discovery authorized by the Federal Rules of Civil Procedure, the Party may designate such documents or information as "Confidential" pursuant to the terms of this Agreement and Order.

[Remainder of Page Intentionally Left Blank]

**I HEREBY CONSENT** to the form and substance of the Agreement and Order set forth above.

LOSS, JUDGE & WARD, LLP.
Attorneys for Plaintiff/Counter-Defendant
ST. PAUL MERCURY INSURANCE CO.
Two Lafayette Centre
1133 21st Street, NW, Ste. 450
Washington, DC 20036

WHITEFORD, TAYLOR & PRESTON, LLP
Attorneys for Defendant/Counter-Plaintiff
AMERICAN BANK HOLDINGS, INC.
7 St. Paul Street
Baltimore, MD 21202-1626

By: _____/s/_____

THOMAS J. JUDGE
(Bar No. 12818)

By: _____/s/_____

ALBERT J. MEZZANOTTE, JR.
(Bar No. 00197)
(signed with permission)

**SO ORDERED.**

_____
United States District Judge                    May 19 2014

**EXHIBIT A**

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION AND
AGREEMENT TO BE BOUND THEREBY**

      I hereby acknowledge receipt of, and that I have read, a copy of the Confidentiality Agreement and Consent Protective Order dated _____, 2014, applicable to the matter, *St. Paul Mercury Insurance Co. v. American Bank Holdings, Inc., et al.*, Case No. 8:09-cv-00961-RWT, filed in the United States District Court for the District of Maryland.

      I agree that I will be bound by the provisions of the Confidentiality Agreement and Consent Protective Order with respect to any Confidential Information provided to me under the terms thereof.  I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such information, except as permitted by the Confidentiality Agreement and Consent Protective Order.  I further understand that if I fail to comply with the terms of the Confidentiality Agreement and Consent Protective Order, I may be subject to sanctions by the Court.

      Executed this _____ day of _____, 2014, at _____.

_____

_____

_____
Printed Name and Address

_____
Signature